May it please the court, Corlett White here representing the appellant Anthony Minney. Your honors, this case centers around whether or not the search warrant of Minney's residence was beyond the scope of the search warrant. Your honors, this case is coming before this court on an appeal from a conditional plea that was entered into by Mr. Minney and the government, and that condition preserved his right to appeal his argument as it relates to his suppression request, which was denied by the district court. In this case, police officers retrieved and executed a very specific and particularized search warrant for electronic items that were located in Mr. Minney's residence. The items did in fact range in size, however, what I believe to be important today is the timeline of the facts and the totality of the circumstances of the search. There is no argument that the officers entered into Mr. Minney's residence and initially began to conduct a legal search. Minney was cooperative in some ways. Officers did find most of the items in the front living room, in the main room, towards the beginning of the search, and in appellant's opening brief, it was pointed out based on the recording that was presented at the suppression hearing that in minute three, 22 seconds, so three minutes and 22 seconds into the recording, that was done actually by Anthony Minney. That's when Mr. Minney was placed under arrest as a felon in possession of an ammunition. At that time, three minutes and 22 seconds in, there was no mention as yet of finding of firearms. So before any firearms were found, there were two outstanding items that were remaining, the 42 inch TV and the laptop. With Mr. Minney's, I guess with permission, Mr. Minney went ahead and retrieved the laptop for the officers. After finding the ammunition, the officers certainly had time, which will be our contention to request an additional warrant, if they had reason to believe that there was a need for it. Instead, officers proceeded to search Minney's residence by what we will contend to be beyond the scope of the warrants. The government in the suppression hearing, as well as in their brief, argued the plain view doctrine, as well as the inevitable rule. And what we're arguing is that, unfortunately, where the firearms were found, it was not in plain view. And I believe in the officer's testimony at the suppression hearing, which was reflected in the transcript as well, the officer did state that it was not in plain view. I believe the items that were found in the back bedroom were found in a closet, under clothing, things like that. Things where a 42 inch TV would not have been reasonably hidden. And so it is Mr. Minney's contention that once the main search was finished, as it relates to the main items that were found, and then Mr. Minney cooperated in the laptop, once those items were found, then it would have been more reasonable for the officer to go ahead and get another search warrant, as opposed to going beyond the scope of the search warrant and finding items that were not. What did they find initially, and what was left to be found? What was left to be found was the 42 inch TV, television, as well as the sunny laptop. Everything else, I believe, was found. Laptop. That's correct, Your Honor. That would fit about anywhere, wouldn't it? It could potentially, but I would still argue that it may not have fit under clothing or it may not have been reasonable to... And at that point, I believe, Your Honor, as well, Mr. Minney did volunteer that he did bring them to it. Are there any further questions? If there are none, I would like to reserve the rest for a little. Thank you. Thank you, Ms. Wayne. Mr. Reitz? May it please the Court. Brian Reitz for the United States. I would just like to make a couple points of clarification on the timeline, starting with Judge Kaney's question. The last item found was the laptop, so the law enforcement had found the ammunition in every single gun by the time the laptop, or before the laptop had been found. So they searched no area where a laptop couldn't be contained, including the dresser drawer in the closet. The judge found that the search for the electronics was ongoing while they found the ammunition and gun. Mr. Minney has not really even attempted to find that that was clear error, and it's certainly not based on Detective Vasquez's testimony, which says that the search for the electronics was going on by the time they found the ammunition and the gun. Moreover, Mr. Minney's recording essentially corroborates everything that the police officers testified to, and just specific to the timeline, the ammunition was found within five to ten seconds of the initiation of the search, based on Detective Vasquez's testimony, and the first gun was found within a minute. So everything was found before the laptop, much less the television. So the laptop could have fit anywhere that the guns and ammunition were found. And if the court has no questions, the government would ask for the support to affirm the district  Thank you. All right. Thank you, Mr. Prince. Ms. Wade? Ms. Wade, what about the inevitable discovery position that the government advances? Yes, Your Honor. As it relates to inevitable discovery, Mr. Minney would argue that the items would not have been legally discovered unless the government went ahead and got a second search warrant. When the officers entered the home, I know there was a fanning where the officers went into different rooms. However, based on the specificity of the search warrant, there were certain items that they should have been looking for that arguably, based on Your Honor's question, could have technically fit anywhere. But based on the timeline, they had already found most of those items. Therefore, it is our opinion that once those items were found, that kind of stopped, that clock, you know, kind of stopping that idea of the inevitable discovery or the plain view doctrine. Therefore, another search warrant would have been needed at that time. I just wanted to clarify one item that was discussed by opposing counsel as it relates to just the term finding of the laptop. At that point, the laptop was not found by officers. Many voluntarily told officers where the laptop was. And so I think that's a point of clarification that may be important to the argument in this matter. All right. No further. All right. Thank you, Ms. Williams. Thank you. The case is taken under advisement.